■ ERNEST S. DE CRESCENZO et al., Appellants, v CAPITAL MUTUAL INSURANCE COMPANY, Respondent.—Mahoney, J. Appeal from an order of the Supreme Court (Hughes, J.), entered November 25, 1991 in Albany County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

In 1989, defendant issued a policy of landlord's property insurance to plaintiffs for premises located at 8 Avondale Terrace in the City of Albany. The policy provided $110,000 in coverage on the residence, $11,000 on related private structures, $11,000 for living expenses and loss of rents and further stipulated that if a loss occurred and the parties were unable to agree upon the cost to repair or upon the actual cash value of the loss, such amounts would be determined through an appraisal process, the particulars of which were set forth in the policy.

Plaintiffs' premises, vacant and unoccupied at the time, were substantially damaged by fire on January 1, 1990. Shortly thereafter, plaintiffs filed a claim under the policy. When disagreement arose regarding the value of the loss, the appraisal process was invoked. Ultimately, the appraisers issued an award fixing the actual cash value at a lump sum of

$58,272 and the amount of loss at a lump sum of $64,817. It was further agreed that reconstruction would take 16 weeks with a resultant $3,000 loss of rental income.

Claiming that the lump-sum awards violated the policy requirements that the appraisers state " 'separately' " and " 'in detail' " the actual cost to " 'each building item' " and rendered the appraisal award nonbinding, plaintiffs commenced the instant breach of contract action to recover the difference between $96,928.69, alleged to be the actual cash value of the loss, and the figure reached by the appraisers. Following joinder of issue, defendant moved for summary judgment claiming the lump-sum award was valid and binding. Supreme Court concluded that separate itemization was not required and granted defendant's motion. In addition, it determined that the $3,000 loss of rental income award was improper inasmuch as under the policy terms, such awards were appropriate only when the premises were actively under lease at the time of the loss. Plaintiffs appeal.

In our view, Supreme Court erred in concluding that itemization was not necessary. The policy at issue provides that the appraisers are to "determine the amount of the damage stating separately, in detail: the cost to repair or replace, actual cash value of, and amount of loss to each building item and item of personal property". This language, notably the requirement that the value of "each building item" be stated "in detail", does not suggest aggregate valuation but rather clearly contemplates an itemization of building components. Even if, as defendant contends, the phrase "each building item" is to be construed as a whole building and not its component parts (an interpretation of dubious validity because it appears to render the terms "each" and "item" superfluous), the policy language nonetheless requires that the actual cash value of the building be stated "in detail". A lump-sum figure cannot, in any sense of the word, be said to be detailed (cf., 14 Couch, Insurance 2d § 50:226, at 314-316; 6 Appleman, Insurance Law and Practice § 3945, at 609-610). Accordingly, because the policy language here, unlike the standard form fire policy (Insurance Law § 3404), expressly mandates itemization, Supreme Court's reliance on *Gansevoort Holding Corp. v Palatine Ins. Co.* (11 Misc 2d 518, *affd* 7 AD2d 720, *lv denied* 6 NY2d 705) for the proposition that cash and sound value can be stated in gross without apportionment among the constituent elements of the building *(supra,* at 522), was misplaced.

This is not to say, however, that satisfaction of the detail requirement necessitates valuation of "every nail and brick in

the house", as Supreme Court suggested. Rather, we believe a reasonable interpretation of the policy language necessitates only an itemization of the damage to the basic component systems (e.g., electrical, plumbing, heating, structural, carpentry, painting, refinishing) so as to insure a modicum of accountability and reliability in the appraisal process.

As a final note, we agree with Supreme Court's conclusion that the appraisers erroneously awarded plaintiffs compensation for lost rents. A review of the policy language makes clear that lost rent coverage only applies if the premises were actually rented at the time of the loss. Here, it is clear that the premises were vacant and unoccupied at the time of the fire.

Yesawich Jr., J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing the first cause of action in the complaint; motion denied as to said cause of action; and, as so modified, affirmed.